## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EVALINE DOLEY,                          :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :   Civil Action No. 05-0277 (JR)
                                        :
PRUDENTIAL INSURANCE COMPANY OF         :
AMERICA, *et al.*,                      :
                                        :
          Defendants.                   :

### MEMORANDUM

        This action, brought pursuant to ERISA § 502, 29 U.S.C.
§ 1132, seeks redress from what plaintiff alleges was a wrongful
denial of long-term disability benefits, as well as statutory
penalties for what plaintiff alleges was the wrongful withholding
of information by the plan administrator.  The case was assigned
to me in June 2005, after the predecessor judge recused herself.
Pending at the time of the reassignment was a motion for
reconsideration from a ruling of the predecessor judge, made
during a scheduling conference in April 2005, that the insurer's
denial of benefits would be reviewed for abuse of discretion, and
not *de novo*.  I denied the motion on August 23, 2005, finding
that the ERISA plan in question makes a clear grant of discretion
to Prudential [Dkt. #28].  The parties have now filed cross-
motions for summary judgment.  The law of the case, that the
standard of review is to be abuse of discretion, turns out to be
dispositive.  After reviewing the briefs of the parties and the

record, which reveal no genuine dispute of material fact, I find no abuse of discretion in Prudential's denial of disability benefits to the plaintiff.  The penalty claim, to the extent it was not resolved by earlier motions, is found to be without merit.

Evaline Doley was an employee of Automatic Data Processing, Inc., which held a group long-term disability insurance policy issued by the Prudential Insurance Company of America.  Under the plan, an employee is disabled "when Prudential determines that [she is] unable to perform the material and substantial duties of [her] regular occupation due to [her] sickness or injury. . . ."  "Material and substantial duties" are defined as duties that are "normally required for the performance of [her] regular occupation" and "cannot be reasonably omitted or modified. . . ."  Statement of Undisputed Facts ¶¶ 1, 2, 3.[1]

Ms. Doley applied for disability benefits in December 2000, complaining of macular dystrophy and myopic degeneration, id. ¶ 9.  On March 27, 2001, after reviewing the materials she had submitted and having her evaluated by Columbia Lighthouse for the Blind, Prudential advised Ms. Doley, of its determination that she did not suffer an impairment that would prevent her from

_____

[1]     Factual references will be to defendant's statement of undisputed facts, set forth in Dkt. #30.  Plaintiff having filed no formal response, those facts are deemed admitted.  LCvR 56.1.

performing "the material and substantial duties of her job as a
Business System Analyst," id. ¶¶ 13, 15.  Plaintiff appealed that
determination and submitted the report of a vocational
rehabilitation consultant who concluded that she had "incurred a
96% loss of access to the labor market," id. ¶ 16.  After
reviewing the consultant's report, Prudential changed its mind
and, on February 19, 2002, approved Ms. Doley for long-term
disability benefits for twelve months, id. ¶ 20.  Over the next
twelve months, Prudential followed up on the case and learned a
number of things that caused it to change its mind again:  that
plaintiff had participated in no training or rehabilitation
program and had not attempted to return to work since October
2000, id. ¶ 23; that plaintiff had not seen her treating
ophthalmologist since October 3, 2000, and that, as of November
2002, the ophthalmologist had no opinion as to the state of her
vision or the extent of any alleged disability, id. ¶ 26; and
that a vocational assessment performed at Prudential's request
concluded that assessment plaintiff had earlier submitted was
"not a valid or reliable to [sic] manner to test employability,"
that plaintiff's diagnosis and visual restrictions and
limitations "would not prevent her from reading and using a
computer if she uses the recommended accommodations by her
doctor," and that "she may be able to perform her own occupation

with accommodations and with rest from reading for a few minutes every hour," <u>id</u>. ¶ 27.

On January 8, 2003, Prudential advised Ms. Doley of its determination that she was not entitled to continue receiving LTD benefits and explained why, <u>id</u>. ¶ 28.  Three appeals followed, within the administrative appellate structure established by the plan.  More reports were filed by Dr. Ramnauth, Prudential's vocational expert, and by Dr. Lester, plaintiff's expert.  At one point, by way of an offer of settlement, Prudential offered a lump sum payment of $35,000, job placement assistance, and help with the purchase of adaptive equipment, but plaintiff rejected that offer, <u>id</u>. ¶ 35.  After an unsuccessful fourth appeal, plaintiff brought this suit.

ERISA plan administrators give no special deference to the opinions of treating physicians, but they may not arbitrarily refuse to credit them, <u>see</u> <u>Black & Decker Disability Plan v. Nord</u>, 538 U.S. 822, 834 (2003).  It is not an abuse of discretion to value the opinions of the insurer's own medical consultants over those of a participant's treating physician, <u>see</u> <u>Sheppard & Enoch Pratt Hospital, Inc. v. Traverler's Ins. Co.</u>, 32 F.3d 120, 126 (4th Cir. 1994).  Ms. Doley appears to accept these general principles.  The opinions of her treating physicians are only mildly supportive in any case.  Her attack on Prudential's denial

of benefits decision rests on a number of other legal
propositions.

　　　　1.　Conflict of interest.  Ms. Doley suggests that
Prudential's dual role as insurer and administrator gave rise to
a conflict of interest.  She argues from that proposition that,
when a fiduciary is "operating in this dual role, the claims
determination must be reasonable in light of the apparent
conflict," Plaintiff's Mem., Dkt. #29-2 at 20, and that the
conflict must be "weighed as a factor in determining whether
there has been an abuse of discretion," id. at 21, citing inter
alia, Hamilton v. AIG Life Insurance Co., 182 F. Supp.2d 39
(D.D.C. 2002).  In Hamilton, however, finding "no evidence that
any conflict of interest influenced [the insurer's] decision,"
the court decided that it would "not alter the level of deference
given to [the insurer's] determination," id. at 46.  In the
instant case as well, there is no evidence -- plaintiff has
adduced none -- that any conflict of interest influenced
Prudential's decision.

　　　　2.　Accommodation vs. modification.  Plaintiff asserts
that Prudential's denial of benefits was arbitrary because the
policy contains no exemption for "accommodated" work.  Dkt. #29-2
at 23-24, #32 at 16-20.  The gist of this argument is that
Prudential is attempting to change the terms of the policy by
adding the idea of accommodation to the policy's definition of

"material and substantial duties."  Here, plaintiff has simply misconstrued Prudential's decision.  Prudential's denial of benefits was based significantly upon the opinion of its own vocational expert, himself legally blind, that available technology would accommodate plaintiff's vision problem so that she could indeed perform her duties.  Accommodation does not modify duties, it enables performance of duties.  It was not an abuse of discretion for Prudential to determine that Ms. Doley is not disabled because she can perform her duties using available technology to accommodate her vision problems.

        3.   Obviously biased reviewer.  Ms. Doley labels Dr. Ramnauth's disagreement with her consultant "bias" and asserts, after arguing with most of his findings, that "it is obvious from his opinions that he was recruited by Prudential for the sole purpose of contradicting the very detailed and thorough vocational reporting undertaken by Robert Lester on behalf of the plaintiff," Dkt. #29-2 at 28 (emphasis added).  Upon a review of the record, I find no bias at all, nor any impropriety in relying upon the opinion of an expert who refutes the opinion of plaintiff's expert.

        4.   Coercive settlement offer.  This argument of plaintiff's is not actually about coercion, perhaps because there is nothing inherently "coercive" about making a settlement offer, particularly to a person who, like Ms. Doley, was represented by

counsel.  The argument, instead, is that Prudential's settlement offer bypassed its own guidelines, Dkt.#29-2 at 28-30; #32 at 27-28.  Not even plaintiff asserts that those guidelines are mandatory, however, and so the argument circles back once again to conflict of interest: failure to follow internal guidelines is evidence of conflict of interest, which in turn gives rise to heightened scrutiny of a denial of claims, Dkt. #32 at 27.  The argument thus adds nothing to what has already been covered, and decided.

     5.  <u>Refusal to provide information required under ERISA</u>.  Plaintiff asserts, finally, that Prudential's delay in making claims guidelines and other documentation available to her during the administrative appeal process prejudiced her by denying her "additional insight into the insurer's review process" and subjects Prudential to statutory ERISA penalties, Dkt. #29-2 at 33.  Prudential responds, correctly, that the issues raised by this argument were raised and disposed of in the context of plaintiff's motion to compel discovery, Dkt. #14, by my order inviting plaintiff to notice and take a Rule 30(b)(6) deposition of Prudential if she was not satisfied with Prudential's statement that the documents plaintiff sought either did not exist or were not used in handling plaintiff's claim, Dkt. #28 at 6-7.  Plaintiff may have the better of the argument about whether Prudential should be considered the *de facto* plan

administrator, even if it was not the statutory plan
administrator, see Dkt. #32 at 24-36, but she has not refuted
Prudential's central argument, that the SOAP notes and telephone
call log pages she complains about were nothing but digests of
first source records that had been provided to her counsel
earlier, see Dkt. #30 at 32.  She has not shown, and apparently
cannot show, prejudice.

                    *    *    *    *    *

          An appropriate order accompanies this memorandum.



                              JAMES ROBERTSON
                         United States District Judge